

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,725-02

### EX PARTE JOHN MICHAEL LYDY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20277-A IN THE 369TH DISTRICT COURT
### FROM CHEROKEE COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Lydy v. State*, No. 12-19-00021-CR (Tex. App. — Tyler Oct. 31, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that he received ineffective assistance of trial counsel and that he was denied his opportunity to petition this Court for discretionary review as a

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

result of appellate counsel's failure to adequately notify him that if he wished to pursue discretionary review, he would have to do so *pro se*.

Applicant alleges that trial counsel was ineffective because he failed to file or argue a motion to suppress evidence on the basis of an unlawful search and seizure, and failed to present available evidence during the punishment phase of trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims.

Applicant also alleges that appellate counsel was aware that Applicant wanted to pursue a petition for discretionary review, but failed to advise him that if he wanted to do so, he would have to file the petition *pro se*, or of the deadlines and filing procedures for doing so. The appellate docket reflects that appellate counsel filed a motion to extend the deadline for filing a petition for discretionary review, but it is not clear whether he advised Applicant of the extended deadline, or of how or where to file a *pro se* petition. The trial court shall order appellate counsel to respond to Applicant's claims.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings

as to whether appellate counsel timely advised Applicant that had a right to file a *pro se* petition for discretionary review, and whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 28, 2021
Do not publish